UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO.: 01-0912 |
| VERSUS | JUDGE DOHERTY |
| 81.57 ACRES OF LAND, MORE OR LESS, SITUATED IN ST. MARTIN PARISH, LOUISIANA, AND EUGENE P. CELLA, ET AL AND UNKNOWN OWNERS | MAGISTRATE JUDGE METHVIN LAND COMMISSION |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REPORT AND RECOMMENDATION

The trial of this matter came before the Atchafalaya Basin Land Commission (the "Commission") on September 16, 2008, for a compensation hearing.

By Order dated July 1, 1992, pursuant to provisions of Rule 71 A(h) of the Federal Rules of Civil Procedure, United States District Court for the Western District of Louisiana, Lafayette-Opelousas Division, through its Chief Judge, John M. Shaw, filed an Order appointing the Atchafalaya Basin Land Commission and issuing legal instructions to the Commission. The purpose of the Commission is to "determine the issue of just compensation in a condemnation proceeding, as it relates to actions that were filed in the Western District of Louisiana relating to the condemnation of property in the Parishes of Iberia, St. Landry, St. Mary, and St. Martin, Louisiana." At the conclusion of the hearing the Commission shall "file with the Court in the nature of an award stating specific findings as to the matters on which the evaluations were based and illustrating how they applied the principals of law in reading their ultimate conclusions as to each tract." (Order, pp. 3-4)

In the present case, the United States of America filed a Complaint in Condemnation for the purpose of obtaining a perpetual and assignable right and easement in, on, over, and across Tract No. 2644E, as more particularly described therein, prohibiting:

1) The conversion or development of said land from the existing uses (as described in Schedule B-1 and as reflected on a map which is filed in the records of the U.S. Army Engineer District, New Orleans), to other uses;

2) The construction or placement of new permanently habitable structures (existing permanently habitable structure(s) are described in Schedule B-1 and are reflected on a map which is filed in the records of the U.S. Army Engineer District, New Orleans);

3) The construction or placement of all other new structures, including camps (existing camp(s)/structure(s) are described in Schedule B-1 and are reflected on a map which is filed in the records of the U.S. Army Engineer District, New Orleans), situated or located on said land without the prior written approval of the District Engineer, U.S. Army Engineer District, New Orleans, or his duly authorized representative, but specifically excluding any structures used in the exploration, development, and/or production of oil, gas, and all other minerals, permitting, however, the owner to rebuild a destroyed structure under the existing permit.

4) Any timber operation which involves:

   a) Removal of any bald cypress greater than 42 inches in diameter at 10 feet above the ground. (The timber included in this prohibition will not be included in basal area calculations on other cypress restrictions below).

   b) Removal of oak, ash, and sweet pecan less than 20 inches in diameter at 12 inches above the ground, and water tupelo and bald cypress less than 24 inches in diameter at 2 feet above the ground, unless 40 square feet of basal area, per acre, in any combination of these species, is maintained.

Exceptions to timber harvesting restrictions, contained in paragraph 4, which promote fish and wildlife preservation by regeneration of desired timber species, involve disease and insect control, or involve salvage removal of timber, may be allowed with the written consent of the District Engineer, New Orleans District, or his duly authorized representative.

Reserving, however, unto the owners, their heirs, and assigns all oil, gas, mineral rights; and further reserving all such other rights and privileges as may be used and enjoyed without interfering with or abridging the rights and easements hereby acquired, subject, however, to existing easements for public roads and highways, public utilities, railroads, and pipelines.

The United States of American introduced into evidence the appraisal report dated effective May 16, 2001, by Max J. Derbes Appraisers, L.L.C., by and through Carr T. Dowell, III, Louisiana State Certified General Real Estate Appraiser (Certificate No. G0628) and setting forth the United States of America's position as to the market value of the easement taken as of May 16, 2001. The opinion reflects the following market value of the easement as of May 16, 2001, estimated to be as follows:

TRACT NO. 2644E
| | |
|---|---|
| Value Before | $44,940.00 |
| Value After | $35,050.00 |
| Value of Easement (Tract No. 2644E) | $ 9,890.00 |

No oral testimony was submitted by the United States of America. No evidence at all was submitted by any of the defendants at the compensation hearing.

Therefore, based on the evidence submitted, the Commission finds the value of the easements to be those reflected in the above-referenced appraisal report dated effective May 16, 2001, a copy of which is attached hereto and made a part hereof.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District

Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F. 3d 1415 (5th Cir. 1996).

THUS, READ, RENDERED, AND SIGNED by the members of the Commission effective September 16, 2008.

_____
DAVID W. GRONER
Chairman, Land Commission
Date Signed: 10/15/08

_____
PHILIP H. BOUDREAUX
Commissioner
Date Signed: 10/2/08

_____
CHARLES T. SNYDER
Commissioner
Date Signed: 10-21-08